SO ORDERED.

SIGNED this 25th day of October, 2017.

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| The Benefit Corner, LLC, ) | Case No.: B-16-11027 C-7G |
| ) | |
| Debtor. ) | |

**ORDER GRANTING MOTION TO AUTHORIZE TRUSTEE TO COMPROMISE AND SETTLE CLAIM AGAINST MESSER FINANCIAL GROUP INC. AND FOR ORDER REGARDING COMMISSIONS DUE**

This case came before the undersigned United States Bankruptcy Judge for hearing on October 25, 2017 upon the Trustee's "Motion to Authorize Trustee to Compromise and Settle Claim Against Messer Financial Group Inc. and for Order Regarding Commissions Due," filed June 19, 2017 (the "Motion"), after being duly noticed for hearing to creditors and parties in interest by Notice dated June 23, 2017.  Present at the hearing were the Trustee Everett B. Saslow, Jr.; attorney Christopher P. Raab representing Messer Financial Group Inc. ("MFG"); and Robert E. Price, Jr. from the Office of the United States Bankruptcy Administrator.

It appears to the Court from the Motion and the entire record that:

1.   On September 27, 2016 (the "Petition Date"), an involuntary bankruptcy petition was filed against The Benefit Corner, LLC ("TBC") under Chapter 7 of Title 11 of the United

{00585577-1 }                                              1

States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of North Carolina (the "Court").

2. An Order for Relief in TBC's Chapter 7 bankruptcy case was filed on November 9, 2016.

3. Everett B. Saslow, Jr. is the duly appointed and acting trustee in this Chapter 7 bankruptcy case.

4. Property of the bankruptcy estate in TBC's Chapter 7 bankruptcy case includes claims of TBC against MFG for unpaid insurance commissions allegedly earned, contracts and on-going business with TBC's network of franchisees and agents, and recharacterization of debt to equity, among others (the "Claims").

5. The Trustee requested that MFG forward to the Trustee all commissions allegedly payable from MFG to TBC and requested complete statements of account and accountings from MFG. The Trustee and MFG engaged in informal discovery and made exchanges of information, and MFG provided details about commissions received by MFG from July 18, 2016 through March 24, 2017 from insurance policies for which TBC and/or its agents solicited applications under the Representative's Contract between MFG and TBC. The Trustee contended that MFG's records show that commissions now due from MFG to TBC for the period from July 18, 2016 to Petition Date (September 27, 2016) are approximately $173,984, and that commissions now due from MFG to TBC for the period from September 27, 2016 to March 24, 2017 are approximately $242,063, for a total of approximately $416,047.

6. MFG contended that it owed no commissions to TBC on account of contractual provisions in the Representative's Contract between TBC and MFG (including provisions for forfeiture and for remedies upon termination for cause), on account of contractual and common

law setoff of commissions payable against sums owed by TBC to MFG under a promissory note, on account of security rights, and on account of other grounds. A copy of the Representative's Contract is attached to the Motion as an exhibit.

7. MFG and the Trustee have agreed upon a proposed settlement of the Claims, subject to Court approval. The parties' settlement of the Claims is set forth in the Settlement Agreement, a copy of which is attached to the Motion as an exhibit, and the principal terms of which are as follows:

    a. The Settlement Agreement and the obligations of the Parties under its terms are conditioned upon the Court's entry of an Order approving the Settlement Agreement pursuant to Rule 9019 of the Rules of Bankruptcy Procedure and authorizing the Trustee to deliver the release provided for therein. If the Court does not enter an Order so providing, then the Parties shall have no obligations under the Settlement Agreement, and the terms and recitals therein or made in seeking Court approval shall be of no force or effect.

    b. In the operation of its business prior to mid July, 2016, TBC would receive earned commissions from MFG. TBC would in turn pay 80% of such commissions received to TBC's franchisee or sub-agent who serviced the customer making application for insurance coverage. Certain of TBC's franchisees and agents, and their sub-agents (collectively "Agents") contend or may contend that MFG holds commissions in escrow for such Agents. MFG needs to avoid double liability to the Trustee and to the Agents. Therefore, the Trustee and MFG are serving this motion as a contested matter with notice served upon Agents which have asserted or might assert a claim against MFG seeking to recover the same commissions which are sought by the Trustee. MFG's duty to perform under the proposed settlement is conditioned upon either (a) the Court determining and declaring that the Trustee holds the claims for commissions against MFG to the exclusion of Agents, that the Agents do not hold valid and enforceable claims for commission against MFG, and that MFG does not have any liability to Agents for commissions claimed by Trustee, or (b) MFG, in its sole discretion, confirming in writing that it is satisfied that it is not and will not be at risk for any potential liability to Agents for any commissions which were sought by the Trustee and which are being settled. If neither condition is satisfied as provided for in the Settlement Agreement, then the Parties shall have no obligations under the Settlement Agreement, and the terms and recitals herein shall be of no force or effect.

    c. The Settlement Agreement and the obligations of the Parties under its terms are further conditioned upon one of the following additional conditions being satisfied: either (a) the Court determines and declares that the Trustee holds the claims for commissions against MFG to the exclusion of security interests claimed by Fox Capital Group, or Corporation Service Company, or both (each a "Lender" or collectively

"Lenders"), to recover the same commissions which were sought by the Trustee and which are herein being compromised and settled, on the grounds that the UCC filings claimed by the Lenders are avoidable as preferences or post-petition transfers so that the Lenders do not hold valid and perfected security interests in accounts due to TBC or on other grounds; or (b) the Court transfers the Lenders' security interests to the Settlement Sum pursuant to 11 U.S.C. §363(f); or (c) each Lender terminates its UCC Financing Statement or otherwise confirms in writing that it is not seeking a secured position in TBC's accounts.  If none of those conditions is satisfied within 120 days from entry of the Court's Order approving the settlement (or such longer period as reasonably may be needed to conclude the Trustee's possible future avoidance actions against one or both Lenders), then the Parties shall have no obligations under this Settlement Agreement, the Trustee shall immediately return to MFG the Settlement Sum (if paid by MFG), and the terms and recitals herein shall be of no force or effect.

      d.    In full and final settlement and satisfaction of the Trustee's claims against MFG and subject to the other terms of the Settlement Agreement, MFG shall pay to the Trustee the sum of $245,000.00 ("Settlement Sum").  The Settlement Sum shall be paid by MFG to the Trustee in good funds by wire or check within ten days after the Court's entry of an Order approving the Settlement Agreement.

      e.    MFG filed Proof of Claim No. 26-1 on March 29, 2017 as a secured claim in the amount of $296,174.80.  Proof of Claim No. 26-1 shall be reclassified and allowed as a non-priority unsecured claim in the amount of $296,174.80 (being the amount due under the Promissory Note with interest to petition date).  The Parties shall request the Court to rule that MFG's Security Agreement is avoided and preserved for the benefit of the bankruptcy estate pursuant to Bankruptcy Code § 551.

      f.    MFG will cooperate with reasonable requests from the Trustee for documents relating to TBC business, including the identification and addresses of Agents with carrier contracts and commission amounts associated with business written by or through TBC Agents.

      g.    Upon the Trustee's receipt of the Settlement Sum in good funds, the Trustee, on behalf of TBC's bankruptcy estate and the Trustee, shall release, acquit and discharge MFG and others as set forth in the Settlement Agreement, of and from all claims and actions held by the Trustee or TBC against MFG; *provided, however*, that nothing contained in the release provided for by the Settlement Agreement shall be deemed to release any obligations MFG has under the Settlement Agreement.  At the same time, MFG shall release, acquit and discharge the Debtor and its estate, the Trustee and others as set forth in the Settlement Agreement, of and from all claims and actions held by MFG against TBC or the Trustee; *provided, however*, that nothing contained in the release provided for by the Settlement Agreement shall be deemed to release any obligations the Trustee has under the Settlement Agreement, to affect the reclassification and allowance of Proof of Claim No. 26-1 as provided above, or to release and discharge the individual makers and/or guarantors of the Promissory Note.

8. In the operation of its business prior to mid July, 2016, TBC would receive earned commissions from MFG. TBC would in turn pay 80% of such commissions received to TBC's franchisee or sub-agent who serviced the customer making application for insurance coverage. MFG made no payments to TBC after July 17, 2016. The Trustee contended that MFG's records show that commissions now due from MFG to TBC for the period for July 18, 2016 to March 24, 2017 are $416,047. The $416,047 was not placed into a dedicated or segregated bank account by MFG. There is not an agreement and has been no agreement between MFG and the Agents for MFG's paying commissions directly to the Agents. Always in the relationship between MFG and TBC, MFG paid all commissions to TBC, which in turn disbursed commissions to the Agents. The agreement between TBC and the Agents provided that TBC would pay commissions to the Agents. The agreements between TBC and the Agents do not provide for commissions being held in escrow or in trust. The agreement between MFG and TBC does not provide for commissions being held in escrow or in trust. The Trustee contends that the commissions of $416,047 retained by MFG and the claim to such commissions due or the portion thereof which are herein being compromised and settled as set forth in this motion are property of the bankruptcy estate in this case.

9. Certain of the Agents (Carl Curry, Laura Spelman, LaTosha Gale Graves, Chris Graves, Linda C. Dunlap, Mark Williams, Mitchell Reed Prevatte, Prevatte & Associates, LLC, Brian Barto, Christopher B. Landis, Tammy S. Bates, Jon Scott Kirk, James R. Hill, Jr., and Seung Lee, collectively referred to hereinafter as the "Consenting Agents") have consented in writing to the Motion and to the entry of an order by the Court establishing (a) that the Trustee holds the claims for commissions against MFG to the exclusion of any claim which the Consenting Agents might have, hold, or assert against MFG to recover any portion of those

commissions; (b) that the Consenting Agents do not hold valid and enforceable claims for commissions against MFG; and (c) that the Trustee holds the claims for commissions against MFG to the exclusion of the Consenting Agents. The Written Consents of the Consenting Agents were offered into evidence at the hearing on the Motion as Exhibit 1 and are incorporated herein by reference.

10. In light of the Consents of the Consenting Agents, MFG has confirmed to the Trustee in writing that it is not and will not be at risk for any potential liability to Agents for any commissions which were sought by the Trustee and which are being settled by the Settlement Agreement. Therefore, the condition set forth in paragraph 3 of the Settlement Agreement is satisfied. MFG so stated to the Court at the hearing.

11. The involuntary petition in bankruptcy was filed against The Benefit Corner, LLC on September 27, 2016. The Order for Relief in this case was filed on November 9, 2016. Kabbage Business Loan and The Benefit Corner, LLC were parties to an agreement captioned Kabbage Business Loan Agreement dated July 12, 2016, and Kabbage Business Loan did not file a UCC Financing Statement with the Office of the North Carolina Secretary of State. (Note, however, that Corporation Service Company as Representative filed a UCC Financing Statement with the North Carolina Secretary of State on or about October 12, 2016 which post-petition filing might or might not relate to Kabbage Business Loan and which UCC Financing Statement was terminated by Corporation Service Company as Representative on June 5, 2017.) In addition, Fox Capital Group and The Benefit Corner, LLC were parties to a Merchant Agreement dated June 28, 2016, and Fox Capital Group filed its UCC Financing Statement with the Office of the North Carolina Secretary of State on or about August 4, 2016. Thus, the Trustee

contended that even if those UCC filings perfect such lenders' alleged security interests, the UCC filings are avoidable under Bankruptcy Code §§ 547 and 549.

12.     It appears to the Court from statements of counsel at the hearing that the UCC Financing Statements filed by Fox Capital Group and by Corporation Service Company have been terminated of record by U.C.C. Termination Statements filed in the Office of the North Carolina Secretary of State and that Fox Capital Group has confirmed in writing that it is not seeking a secured position in TBC's accounts. Therefore, the condition set forth in paragraph 4 of the Settlement Agreement is satisfied. MFG so stated to the Court at the hearing.

13.     It is in the best interests of the estate to compromise and settle the Claims on the terms set forth above for the following reasons:

   a.     There is a risk that MFG's legal position will prevail. On or about August 12, 2016, MFG delivered to TBC a termination notice with respect to the Representative's Contract between MFG and TBC, and the "Commissions After Termination" paragraph on page 3 of the Representative's Contract provides that no further commissions or other compensation or allowance will be payable if the contract is terminated with cause. In addition, MFG contends that violations of insurance laws and regulations by TBC entitled MFG to declare a complete forfeiture of any and all compensation due or to become due under the Representative's Contract under the section titled "Violation of Laws and MFG Rules" on page 3. In addition, the Representative's Contract contained terms providing that MFG may at any time offset against all commissions accrued or to accrue any debt due from TBC. In addition, MFG contends that it can set off by common law all commissions owed by it to TBC for setoff against the unpaid Promissory Note made by TBC as debtor in favor of MFG as creditor.

MFG further contends that the debt owed under the Promissory Notes is secured. In response, the Trustee contends, among other things, that forfeiture is disfavored by the law; that the termination for cause was not sufficient; and that the Promissory Note should be recharacterized as equity by the Dornier factors set out in *In Re: Official Committee of Unsecured Creditors for Dornier Aviation (North America), Inc.*, 453 F.3d 225 (2006). Also, the Trustee contends that MFG damaged TBC by being benefited from TBC's network of agents and wrongfully taking over the network; however, MFG denies those contentions and responds that it did not take over any network, that MFG had no contract to write Blue Cross Blue Shield of North Carolina health insurance business, and that Aetna and United Healthcare stopped paying agents any commissions for new business written in 2016, with Aetna and UHC completely pulling out of the North Carolina ACA business in 2017.

      b.      The chances of success in litigating the Claims and the extent of recovery, if any, from the Claims are uncertain. Due to the nature of litigation in general and the particular circumstances of this case, there can be no precision in determining or predicting either the likelihood of success or the extent of recovery. The proposed settlement benefits the bankruptcy estate by resolving the Claims with a certain recovery in an amount deemed by the Trustee to be fair, reasonable and beneficial to the estate.

      c.      The proposed settlement concludes the Claims so that the bankruptcy estate will not have to incur additional costs for litigating the Claims, including attorneys' fees, discovery, witness preparation, any expert witness preparation, other trial preparation, and conducting the trial of the case. The Trustee and counsel for MFG have

observed to each other that if the Claims were to be litigated, then anticipated attorneys' fees would be very substantial for both parties.

14. Having canvassed the issues of law and fact raised by the compromise, the Court finds and concludes that the compromise proposed in the Settlement Agreement falls within the range of reasonableness.

15. The Trustee recommends that the Court approve the settlement and compromise of the Claims as described above and as more particularly set for in the Settlement Agreement.

It is therefore ORDERED that:

1. Everett B. Saslow, Jr., Trustee, is authorized to compromise and settle the Claims on the terms set forth in the Settlement Agreement; and

2. As set forth in the Consents, the Trustee holds the claims for commissions against MFG to the exclusion of any claim which the Consenting Agents might have or assert against MFG to recover any portion of those commissions; and the Consenting Agents do not hold valid and enforceable claims for commissions against MFG; and the Trustee holds the claims for commissions against MFG to the exclusion of the Consenting Agents; and

3. The Trustee is authorized to sign and deliver the release and other deliverables provided for in the Settlement Agreement; and

4. The compromise and settlement of the claims on the terms set forth in the Settlement Agreement is hereby approved pursuant to Rule 9019 of the Rules of Bankruptcy Procedure, and the Trustee is authorized to perform under the Settlement Agreement; and

5. MFG filed Proof of Claim No. 26-1 on March 29, 2017 as a secured claim in the amount of $296,174.80.  Proof of Claim No. 26-1 is reclassified and allowed as a non-priority

unsecured claim in the amount of $296,174.80. MFG's Security Agreement is avoided and preserved for the benefit of the bankruptcy estate pursuant to Bankruptcy Code § 551.

END OF DOCUMENT

PARTIES TO BE SERVED
PAGE 1 OF 5
B-16-11027 C-7G

William P. Miller
U. S. Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC  27401

Everett B. Saslow, Jr.
P.O. Box 989
Greensboro, NC 27402

Harold C. Spears
Caudle & Spears, P.A.
121 West Trade Street
Suite 2600
Charlotte, NC 28202-5399

Linda Dunlap
259 Putman Church Rd.
Carthage, NC 28327

TBC & Associates, Inc.
Danny or Tammy Bates
PO Box 802
Rockingham, NC 28380

CBEN Enterprises/Liberty Tax
117 N. Myrtle School Rd Ste 120
Gastonia, NC 28052

Gerald S. Schafer
220 Commerce Place
Greensboro, NC 27401

Brendan G. Best, Esq.
Varnum LLP
160 W. Fort St., 5th Floor
Detroit, Michigan 48226

Fox Capital Group
140 Broadway, 46th Floor
New York, NY 10005

Fox Capital Group, Inc.
Attention:  Sholime Nelken, Director of Risk Management
140 Broadway, 46th Floor
New York, NY 10005

Kabbage Business Loan
P.O. Box 77081
Atlanta, GA 30357

Kabbage Business Loan
Attention:  Paul Pietschner, Legal Analyst,
Account Management Team
730 Peachtree St NE
Suite 1100
Atlanta, GA 30308

Kabbage, Inc.
Attention:  National Registered Agents, Inc.
1201 Peachtree Street, N.E.
Suite 1240
Atlanta, GA 30361

Corporation Service Company
P.O. Box 2576
Springfield, IL 62708

| | | |
|---|---|---|
| Amaan Chandrani<br>12019 Wandsworth Drive<br>Tampa, FL 33626 | Amanda Macauley<br>8926 E WT Harris Blvd, Apt A<br>Charlotte, NC 28227 | Amy Clay<br>517 Park Street<br>Kannapolis, NC 28083 |
| Anna Johnson<br>133 Applegate Rd<br>Kernersville, NC 27284 | Athena Meermans<br>332 Tindal Road<br>Pelion, SC 29123 | Audrey Bennett-Coleman<br>4250 Harbor Ridge Dr<br>Greensboro, NC 27406 |
| Barbara Cuzzort<br>220 Cedars Glen Circle<br>Villa Rica, GA 30180 | Barron Morris<br>5074 Sheffield Place Drive<br>Kernersville, NC 27284 | Betty Safrit<br>1122 Ray Suggs Place<br>Concord, NC 28027 |
| Billie Bunn<br>2209 Glendale Ave<br>Kannapolis, NC 28081 | Brenda Teague<br>1316 Cherry Ln<br>Graham, NC 27253 | Brian Barto<br>107 Massie Dr<br>Winchester, VA 22602 |
| Brittany Harwell<br>4121 Old Rd 37<br>Lakeland, FL 33813 | Catherine Garcia<br>12117 Armenia Gables Circle<br>Tampa, FL 33612 | Cecilia Bailey<br>14214 Edgepoint Dr<br>San Antonio, TX 78230 |
| Cheryl Hill<br>105 National Ct Apt B<br>Albany, GA 31721 | Chris Graves<br>3249 County Home Road<br>Blanch, NC 27212 | Christopher Landis<br>7906 Black Cherry Ct<br>Harrisburg, NC 28075 |
| David Daniel<br>7596 Lowesville Meadows Rd.<br>Stanley, NC 28164 | Deborah Bright<br>544 Walnut Street<br>Mooresville, NC 28155 | Donna Jackson<br>6090 Jeff St<br>Stedman, NC 28391 |
| Dorothy Loflin<br>5854 Ferguson Rd<br>Ramseur, NC 27316 | Ebony Sanders<br>830 Norman Point<br>Concord, NC 28025 | Eleanor Steele<br>1429 Lake Rd<br>Clinton, SC 29325 |
| Eulalio Diaz<br>1818 N Hood St<br>Uvalde, TX 78801 | Falana Prunty<br>701 Habersham Rd<br>High Point, NC 27260 | George Kruszewski<br>1338 Clinkscales Road<br>Anderson, SC 29621 |

| | | |
|---|---|---|
| Grace White<br>1532 Dittmer Circle SE<br>Palm Bay, FL 32909 | Hazel Turlington<br>5311 42nd Ave W<br>Bradenton, FL 34209 | James Greenway<br>1040 Melody Lane<br>Spartanburg, SC 23303 |
| Jesse Mills<br>3010 Duffield Dr<br>Greensboro, NC 27410 | John Eckman<br>123 Towne Creek Trail<br>Anderson, SC 29621 | Jon Kirk<br>P.O. Box 470897<br>Fort Worth, TX 76147 |
| Joshua Ragan<br>1866 Matthews Dr<br>Rock Hill, SC 29732 | Karen McLean<br>6914 Timberwood Dr.<br>Harrisburg, NC 28075 | Katheleen Destefano<br>8311 Lockwood Ridge Rd<br>Sarasota, FL 34243 |
| Kristine Ramirez<br>1973 Rainey Street<br>Rock Hill, SC 29730 | Latosha Graves<br>3249 County Home Road<br>Blanch, NC 27212 | Laura Spelman<br>10109 Alexander Martin Ave<br>Charlotte, NC 28277 |
| Linda Dunlap<br>259 Putnam Church Rd<br>Carthage, NC 28327 | Linwood Williams<br>9908 Rocky Ford Club Rd<br>Charlotte, NC 28269 | Marie Anyogu<br>217 Blue Robin Way<br>Greensboro, NC 27409 |
| Mark Williams<br>146 Doby Creek Ct<br>Fort Mill, SC 29715 | Mary Beth Scebold<br>1440 Milling Road<br>Mocksville, NC 27028 | Mitchell Prevatte<br>806 Granville Dr<br>Winston Salem, NC 27101 |
| Patricia Dombrosky<br>401 Durham St.<br>Hamlet, NC 28345 | Patricia Roberts<br>1525 Teddington Drive<br>Charlotte, NC 28208 | Paul Robeson<br>1330 Wiley Lewis Rd<br>Greensboro, NC 27406 |
| Rodney Melton<br>1908 Greenstone Place<br>High Point, NC 27265 | Rodney Pryor<br>2330 Kingsley<br>Grand Prairie, TX 75050 | Ronique Staley<br>276 Plantation Lane<br>Inman, SC 29349 |
| Sakoria Osborne<br>1521 Ranch Road<br>Charlotte, NC 28208 | Sandra Eubanks<br>204 Shaw Road<br>Honea Path, SC 29654 | Sandra Gardner<br>7488 Dr Martin Luther King Dr. N<br>Saint Petersburg, FL 33702 |

Seung Lee
5108 Country Club Dr.
Brentwood, TN 37027

Sheldon Burney
4203 Low Meadow Lane
Greensboro, NC 27405

Tabatha Brooks
809 Castle Way
Lakeland, FL 33803

Tasha Chapman
107 Jeffery Drive
Anderson, SC 29621

Tonya Stevenson
871 Burbank St.
Greensboro, NC 27406

Toynesha Fisher
2318 Wise Owl Drive
McLeansville, NC 27301

Ursula Green
4 Knoll Brook Court
Greensboro, NC 27407

Walter Huang
13025 Clermont Street
Hudson, FL 34667

Will Sumpter
4318 Trinity Ave
Greensboro, NC 27407

Yolanda Roberts
1328 Hydrangea Cir NW
Concord, NC 28027

Eugene Nadeau
6 Rock Island Circle
Wichita Falls, TX 76308

Ryan Dodson
TCB of Asheboro, LLC
3576 Summerfield Lane
Winston Salem, NC 27106

David Schuck
2606 Phoenix Drive Suite 408
Greensboro, NC 27406

Gail Graves
4411 Gate City Blvd #105
Greensboro, NC 27407

Texas Safeguard Insurance Agency, LLC
12911 Deeroak Dr
San Antonio, TX 78253

Insurance Ready Agency, LLC
420 Oak Meadow Lane
San Antonio, TX 78253

Insurance Enrollment Center, LLC
4161 Augusta Dr.
Rapid City, SD 57703

Paul Davis
2904 Halifax Rd.
South Boston, VA 24592

Arrow Services, LLC
105 National Ct, Apt B
Albany, GA 31721

The Spelman Group, LLC
7011 Edenderry Dr
Charlotte, NC 28270

Teresa A Small
695 Sleepy Hollow Rd
Midland, NC 28107

Edward Hepler
165 Camellia Way
Dallas, GA 30132

TBC & Associates, Inc.
PO Box 802
Rockingham, NC 28380

CBEN Enterprises Inc/Liberty Tax
117 N. Myrtle School Rd Ste 120

James Steven Oaks
63 Starboard Court
Ridgely, WV 26753