UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| The Benefit Corner, LLC, | ) | |
| | ) | Case No. B-16-11027-7G |
| Debtor. | ) | |
| ──────────────────────── | ) | |
| | ) | |
| Everett B. Saslow, Jr., Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. A-18-_____ |
| vs. | ) | |
| | ) | |
| David Schuck and DC Benefit Solutions, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| ──────────────────────── | | |

**COMPLAINT**

Everett B. Saslow, Jr., Chapter 7 Trustee in the bankruptcy case of The Benefit Corner, LLC, by and through counsel, complaining of the defendants David Schuck and DC Benefit Solutions, LLC, alleges as follows:

1. Plaintiff Everett B. Saslow, Jr., Trustee ("Plaintiff"), is the duly appointed, qualified and acting Chapter 7 Trustee in the bankruptcy case of The Benefit Corner, LLC ("Debtor"), a Debtor under Chapter 7 of the United States Bankruptcy Code.

2. The defendant David Schuck is a citizen and resident of the State of North Carolina. The defendant DC Benefit Solutions, LLC is a limited liability company organized under the laws of the State of North Carolina.

3. This adversary proceeding arises out of and relates to the Chapter 7 case of The Benefit Corner, LLC, case no. 16-11027. An involuntary bankruptcy petition was filed against the Debtor on September 27, 2016, and an Order for Relief was entered by the Court on November 9, 2016. The Debtor's Chapter 7 bankruptcy case is now pending in the Middle District of North Carolina, Greensboro Division.

4. This adversary proceeding arises out of and relates to the Chapter 7 case of the Debtor. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157, and 1334, and the General Order of Reference entered by the United States District Court

for the Middle District of North Carolina on August 15, 1984.  This matter is a core proceeding pursuant to, *inter alia,* 28 U.S.C. §§157(b)(2) which the Court may hear and determine.

5. Venue is proper in the Court pursuant to 28 U.S.C. § 1409.

6. During relevant times, Debtor engaged in operating a business providing residential and commercial insurance products and services by and through a structured operating system using service marks and which system and marks Debtor franchised to third parties.  One or both defendants operated a franchise obtained from the Debtor for a stated term and territory and under which certain commissions collected from insurance companies were paid to Debtor and of which commissions 80% of the commissions were to be remitted by Debtor to one or both defendants.  During relevant times during 2016, Debtor was indebted to one or both defendants for commissions received by Debtor on account of insurance products sold or serviced by defendants and defendants' agents.

7. Within ninety (90) days prior to the filing of the involuntary petition against the Debtor under Chapter 7 of the United States Bankruptcy Code, the Debtor transferred to one or both defendants the sum of $27,366.62 by direct deposit transfers on July 12, July 13, and July 22, 2016 (the "Preference Payment") for and on account of antecedent indebtedness of Debtor to defendant for 80% of the commissions delivered to Debtor on account of defendants' sales and services.

8. At the time of the Preference Payment, the Debtor was insolvent, and the effect of such transfer enabled the defendants to obtain more than it would have received under Chapter 7 of the Bankruptcy Code if the transfer had not been made and the defendant received payment of such debt to the extent provided by the Bankruptcy Code.

9. Plaintiff is entitled to avoid the Preference Payment as a preference under 11 U.S.C. § 547 and to recover the payment from the defendants pursuant to 11 U.S.C. § 550.

10. Plaintiff made demand upon defendant on February 15, 2018 for repayment of the Preference Payment; however, defendants have failed and refused to make repayment.

11. Defendant DC Benefit Solutions, LLC filed Proof of Claim No. 15 in Debtor's bankruptcy case.

WHEREFORE, Plaintiff requests that the Court order, adjudge and decree:

1. That Plaintiff have and recover of defendants the sum of $27,366.62 plus interest from February 15, 2018 until paid pursuant to 11 U.S.C. §§ 547 and 550;

2. That the costs of this action be taxed to defendants;

3. That the Court disallow Proof of Claim No. 15 and any and all other claims filed by the defendants pursuant to 11 U.S.C. Section 502(d) until the Preference Payment has been returned to Debtor's bankruptcy estate; and

4. That Plaintiff have such other and further relief as to the Court may seem just and proper.

This the 12th day of September, 2018.

>  s/ Albert L. Saslow
> Albert L. Saslow
> N.C. State Bar No. 40051
> Everett B. Saslow, Jr.
> N.C. State Bar No. 7301
> Attorneys for Plaintiff

OF COUNSEL:

HILL EVANS JORDAN & BEATTY
A Professional Limited Liability Company
Post Office Box 989
Greensboro, North Carolina 27402
Telephone: (336) 379-1390